IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WELCH FOODS INC., A COOPERATIVE | ) ) ) |  |
| Plaintiff, | ) ) | CIVIL ACTION NO. 09-12087 |
| v. | ) ) ) ) |  |
| ZURICH AMERICAN INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.; and AXIS SURPLUS INSURANCE COMPANY | ) ) ) ) ) ) |  |
| Defendants. | ) |  |

**PLAINTIFF/COUNTER-DEFENDANT
WELCH'S ANSWER TO AXIS'S COUNTERCLAIM**

Plaintiff/Counter-Defendant, Welch Foods Inc., A Cooperative ("Welch"), by and through its undersigned attorneys, hereby responds to Defendant/Counter-Plaintiff AXIS Surplus Insurance Company's ("AXIS") Counterclaim, and states as follows:

**WELCH'S RESPONSES TO AXIS'S ALLEGATIONS REGARDING THE PARTIES**

1. Welch admits that AXIS is an Illinois corporation. Welch is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1, thus leaving AXIS to its proofs.

2. Welch admits the allegations of paragraph 2.

**WELCH'S RESPONSES TO AXIS'S ALLEGATIONS REGARDING JURISDICTION**

3. Welch admits that the Court has jurisdiction pursuant to the Declaratory Judgment Act, 8 U.S.C. § 2201, 2202. Welch denies the remaining allegations of paragraph 3 to the extent they state that this action is exclusively for declaratory relief.

   4. Welch admits the allegations of paragraph 4.

   5. Welch admits the allegations of paragraph 5.

   6. Welch admits the allegations of paragraph 6.

**WELCH'S RESPONSES TO AXIS'S ALLEGATIONS REGARDING FACTUAL BACKGROUND**

**Welch's Responses to AXIS's Allegations Regarding The Pom Complaint**

   7. Welch admits that on or about January 23, 2009, POM Wonderful LLC ("POM") filed a complaint captioned *POM Wonderful LLC v. Welch Foods Inc.*, CV09-00567 in the United States District Court for the Central District of California (hereinafter, the "*POM Action*"). The remaining allegations of paragraph 7 are interpretive descriptions of the legal positions taken by the parties in that action, and/or are legal conclusions, and thus no response is required. The pleadings and documents filed in that action speak for themselves. To the extent a response is required, the remaining allegations of paragraph 7 are denied.

   8. The allegations of paragraph 8 are interpretive descriptions of the legal positions taken by the parties in the *POM Action*, and/or are legal conclusions, and thus no response is required. The pleadings and documents filed in that action speak for themselves. To the extent a response is required, the allegations of paragraph 8 are denied.

   9. The allegations of paragraph 9 are interpretive descriptions of the legal positions taken by the parties in the *POM Action*, and/or are legal conclusions, and thus no response is required. Further, the complaint in the *POM Action* is a written document that speaks for itself, and thus no response is required. To the extent a response is required, Welch denies the allegations of paragraph 9 that mischaracterize or misquote the actual text of the complaint in the *POM Action*.

**Welch's Responses to AXIS's Allegations Regarding The Burcham Consumer Class Action**

   10. Welch admits that on or about August 14, 2009, Maryam Burcham, on behalf of herself and all other similarly situated plaintiffs, filed a consumer class action lawsuit captioned *Maryam Burcham v. Welch Foods Inc.*, CV09-05946 in the United States District Court for the

Central District of California (hereinafter, the "*Burcham Action*"). The remaining allegations of paragraph 10 are interpretive descriptions of the legal positions taken by the parties in that action, and/or are legal conclusions, and thus no response is required. The pleadings and documents filed in that action speak for themselves. To the extent a response is required, the remaining allegations of paragraph 10 are denied.

11.     The allegations of paragraph 11 are interpretive descriptions of the legal positions taken by the parties in the *Burcham Action*, and/or are legal conclusions, and thus no response is required. Further, the complaint in the *Burcham Action* is a written document that speaks for itself, and thus no response is required. To the extent a response is required, Welch denies the allegations of paragraph 11 that mischaracterize or misquote the actual text of the complaint in the *Burcham Action*.

**Welch's Responses to AXIS's Allegations Regarding Welch's Notice Letters and AXIS's Coverage Response & Reservation of Rights**

12.     Welch admits that on or about February 5, 2009, one of Welch's insurance brokers, Wells Fargo, on Welch's behalf, provided notice to AXIS regarding the *POM Action*. The notice provided to AXIS is a written document that speaks for itself, and thus no response is required. To the extent that paragraph 12 alleges facts that differ from the notice provided to AXIS, those allegations are denied.

13.     Welch is without information sufficient to form a belief as to the truth of the allegations of paragraph 13, thus leaving AXIS to its proofs.

14.     Welch admits that on or about March 5, 2009, AXIS wrote to Welch. The March 5, 2009 letter is a written document that speaks for itself, and thus no response is required. To the extent that paragraph 14 alleges facts that differ from the March 5, 2009 letter, those allegations are denied.

15.     Welch admits that on or about August 5, 2009, AXIS wrote to Welch, supplementing its coverage determination. The August 5, 2009 letter is a written document that

speaks for itself, and thus no response is required. To the extent that paragraph 15 alleges facts that differ from the August 5, 2009 letter, those allegations are denied.

16. Welch admits that after it filed this action, on or about December 23, 2009, AXIS wrote to Welch. The December 23, 2009 letter is a written document that speaks for itself, and thus no response is required. To the extent that paragraph 16 alleges facts that differ from the December 23, 2009 letter, those allegations are denied.

**WELCH'S RESPONSES TO AXIS'S ALLEGATIONS REGARDING THE AXIS POLICIES**

17. Welch admits that AXIS sold a media perils and professional errors and omissions liability insurance policy (policy number EGN711111/01/2006) to Welch covering the period September 1, 2006 through September 1, 2007 (hereinafter, the "2006 Policy"). The 2006 Policy is a written document that speaks for itself, and thus no response is required.

18. Welch admits that AXIS sold a media perils and professional errors and omissions liability insurance policy (policy number EGN711111/01/2007) to Welch covering the period September 1, 2007 through September 1, 2008 (hereinafter, the "2007 Policy"). The 2007 Policy is a written document that speaks for itself, and thus no response is required.

19. Welch admits that AXIS sold a media perils and professional errors and omissions liability insurance policy (policy number EGN711111/01/2008) to Welch covering the period September 1, 2008 through September 1, 2009 (hereinafter, the "2008 Policy"). The 2008 Policy is a written document that speaks for itself, and thus no response is required.

20. Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 20 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

21. Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 21 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

22. Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 22 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

23. Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 23 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

24. Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 24 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

25. Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 25 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

26. Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 26 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

27. Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 27 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

28. Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 28 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

29. Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 29 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

30. Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 30 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

31.     Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 31 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

32.     Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 32 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

33.     Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 33 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

34.     Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 34 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

35.     Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 35 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

36.     Welch states that the insurance policies are written documents that speak for themselves and thus no response is required. To the extent that paragraph 36 alleges facts that mischaracterize or misquote the insurance policies, those allegations are denied.

**WELCH'S RESPONSES TO AXIS'S ALLEGATIONS REGARDING THE PRESENT CONTROVERSY**

37.     Welch admits the allegations of paragraph 37.

38.     Welch admits that it seeks coverage for the *POM Action* and the *Burcham Action* under the Media Wrongful Acts coverage part of the 2006 Policy, the 2007 Policy and the 2008 Policy and the Professional Services Wrongful Acts coverage part of the 2008 Policy. Welch denies the remaining allegations of paragraph 38 as they mischaracterize the coverage sought by Welch under the 2008 Policy.

39. Welch admits that AXIS denies its obligations to defend or indemnity Welch for either the *POM Action* or the *Burcham Action*, but denies all of the allegations of paragraph 39 that assert that AXIS does not owe defense and indemnity obligations to Welch for the *POM Action* and the *Burcham Action*.

40. Welch admits that it contends that AXIS owes a duty to indemnify, defend, and/or pay the cost of defending the *POM Action* and the *Burcham Action*. Welch denies the remaining allegations of paragraph 40, as it is without information sufficient to form a belief as to the truth of "AXIS's position regarding its obligations under the Policies."

41. Welch admits the allegations of paragraph 41.

## COUNT I
### Declaratory Judgment Of No Coverage Under 2006 And 2007 AXIS Policies

42. Welch repeats its answer to paragraphs 1 through 41 as if fully set forth herein.

43. Welch denies the allegations of paragraph 43.

   (a) Welch denies the allegations of paragraph 43(a).

   (b) Welch admits that it did not provide AXIS with notice of the *POM Action* or the *Burcham Action* during the policy periods of the 2006 Policy or the 2007 Policy. The remaining allegations of paragraph 43(b) state a legal conclusion to which no response is required. To the extent a response is required, the remaining allegations of paragraph 43(b) are denied.

   (c) Welch denies the allegations of paragraph 43(c).

   (d) Welch admits that the injury or damage for which recovery is sought in the *POM Action* and the *Burcham Action* constitutes Media Wrongful Act under the AXIS policies. Welch denies the remaining allegations of paragraph 43(d).

   (e) Welch admits that the injury or damage for which recovery is sought in the *POM Action* and the *Burcham Action* constitutes Media Wrongful Act

        under the AXIS policies. Welch denies the remaining allegations of paragraph 43(e).

(f) Welch admits that the injury or damage for which recovery is sought in the *POM Action* and the *Burcham Action* constitutes Media Wrongful Act under the AXIS policies. Welch denies the remaining allegations of paragraph 43(f).

(g) Welch admits that the injury or damage for which recovery is sought in the *POM Action* and the *Burcham Action* constitutes Professional Services Wrongful Act under the AXIS policies. Welch denies the remaining allegations of paragraph 43(g).

(h) Welch denies the allegations of paragraph 43(h).

43. (sic)  Welch denies the allegations of paragraph 43(sic).

## COUNT II
### Declaratory Judgment Of No Coverage Under The 2008 Policy

44. Welch repeats its answer to paragraphs 1 through 43 as if fully set forth herein.

45. Welch denies the allegations of paragraph 45.

    (a) Welch denies the allegations of paragraph 45(a).

    (b) Welch denies the allegations of paragraph 45(b).

    (c) Welch admits that the injury or damage for which recovery is sought in the *POM Action* and the *Burcham Action* constitutes Media Wrongful Act under the AXIS policies. Welch denies the remaining allegations of paragraph 45(c).

    (d) Welch admits that the injury or damage for which recovery is sought in the *POM Action* and the *Burcham Action* constitutes Media Wrongful Act under the AXIS policies. Welch denies the remaining allegations of paragraph 45(d).

- 9 -

    (e)    Welch admits that the injury or damage for which recovery is sought in the *POM Action* and the *Burcham Action* constitutes a Media Wrongful Act under the AXIS policies. Welch denies the remaining allegations of paragraph 45(e).

    (f)    Welch admits that the injury or damage for which recovery is sought in the *POM Action* and the *Burcham Action* constitutes a Professional Services Wrongful Act under the AXIS policies. Welch denies the remaining allegations of paragraph 45(f).

    (g)    Welch denies the allegations of paragraph 45(g).

46.    Welch denies the allegations of paragraph 46.

**WELCH'S RESPONSES TO AXIS'S PRAYER FOR RELIEF**

AXIS's requests for relief sets forth legal conclusions, and thus no response is required. To the extent a response is required, Plaintiff/Counter-Defendant responds as follows:

(a) AXIS is not entitled to the declaration requested.

(b) AXIS is not entitled to the declaration requested.

(c) AXIS is not entitled to the declaration requested.

(d) AXIS is not entitled to the declaration requested.

(e) AXIS is not entitled to the declaration requested.

(f) AXIS is not entitled to the declaration requested.

(g) AXIS is not entitled to the declaration requested.

(h) AXIS is not entitled to the declaration requested.

(i) AXIS is not entitled to the declaration requested.

(j) AXIS is not entitled to the declaration requested.

(k) AXIS is not entitled to the declaration requested.

(l) AXIS is not entitled to the declaration requested.

(m) AXIS is not entitled to the declaration requested.

(n) AXIS is not entitled to the declaration requested.

(o) AXIS is not entitled to the declaration requested.

(p) AXIS is not entitled to the declaration requested.

## **AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
(Estoppel)

AXIS is barred from the relief it seeks in its Counterclaim by the doctrine of estoppel.

**Second Affirmative Defense**
(Waiver)

AXIS is barred from the relief it seeks in its Counterclaim by the doctrine of waiver.

**Third Affirmative Defense**
(Laches)

AXIS is barred from the relief it seeks in its Counterclaim by the doctrine of laches.

**Fourth Affirmative Defense**
(Unclean Hands)

AXIS is barred from the relief it seeks in its Counterclaim by the doctrine of unclean hands.

## JURY TRIAL DEMAND

Plaintiff/counter-defendant Welch hereby respectfully request a trial by jury as to all issues triable herein.

- 12 -

## **CONCLUSION**

WHEREFORE, plaintiff/counter-defendant, Welch, respectfully request that the Court enter judgment in its favor dismissing AXIS's Counterclaim with prejudice, awarding it costs and reasonable attorney's fees, and awarding such other relief as the Court deems appropriate.

Date: February 3, 2010

Respectfully submitted,

Welch Foods Inc., A Cooperative

By: */s/ Richard D. Milone*
Richard D. Milone (*pro hac vice*)
Shaun M. Gehan, BBO#654268
S. Mahmood Ahmad (*pro hac vice*)
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC  20007-5108
Telephone: (202) 342-8400
Facsimile:  (202) 342-8451
rmilone@kelleydrye.com
sgehan@kelleydrye.com
mahmad@kelleydrye.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

      */s/ Shaun M. Gehan*
      Shaun M. Gehan
      KELLEY DRYE & WARREN LLP
      3050 K Street, NW, Suite 400
      Washington, DC  20007-5108
      Telephone: (202) 342-8400
      Facsimile:  (202) 342-8451
      mahmad@kelleydrye.com

      *Counsel for Plaintiff Welch Foods Inc., A Cooperative*