UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12087-RWZ

WELCH FOODS INC.

v.

NATIONAL UNION FIRE INSURANCE CO., et al.

ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

February 9, 2011

**ZOBEL, D.J.**

**I.	Overview**

In 2009, a competitor and a class of consumers filed two separate complaints against plaintiff Welch Foods, Inc. ("Welch") alleging, inter alia, unfair competition and false advertising. Welch was insured by three insurers against certain losses defined by governing insurance policies. It timely tendered its demand for indemnification and defense to each of its insurers under the governing insurance policies. Two of the insurers, defendants Zurich American Insurance Company ("Zurich") and National Union Fire Insurance Co. of Pittsburgh, PA ("National Union"), denied coverage and declined to defend. The third, Axis Surplus Insurance Company ("Axis"), denied coverage under its 2006 and 2007 policies, but agreed to defend under its 2008 policy and advance defense costs, subject to an express reservation of rights.

All parties cross-moved for declaratory judgment. On October 1, 2010, this court granted declaratory judgment in favor of the three insurance companies and denied

Welch's motion for declaratory judgment against each. (Docket # 91.) It decided that the complaint alleged wrongs that were either not covered by, or were excluded from, coverage under the relevant insurance policies.

Axis now moves to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) to include reimbursement of the amount it paid Welch in defense costs. (Docket # 95.) Welch opposes the motion.

## II. Factual and Procedural Background

The POM complaint was filed in federal court in California on January 23, 2009. See POM Wonderful LLC v. Welch Foods Inc., CV09-00567 (C.D. Cal. Jan. 23, 2009). By letter dated February 5, 2009, Wells Fargo Insurance, on Welch's behalf, gave Axis notice of a claim filed against Welch and requested defense and indemnity under the Axis policies. (Docket # 6-5).

In a letter dated March 5, 2009, Axis replied that it disclaimed any duty to defend or cover the loss alleged in the complaint, but it nevertheless agreed to remit reasonable defense costs subject to a reservation of rights. (Docket # 6-6.) It explained that the advance of defense costs was conditioned upon Welch's reimbursement of those monies if a court ultimately determined that Axis had no duty to defend the claims. Axis' "reservation of rights" letter stated:

> [Axis] disclaim[s] any duty to defend or coverage for Defense Costs and any associated indemnity based on the allegations in the Pom Complaint under the 2006 Policy and the 2007 Policy as set forth below. Although we believe circumstances exist which warrant a disclaimer of coverage under the 2008 Policy, we are accepting your tender of defense under that policy pursuant to a reservation of rights as set forth below.

2

(Letter from Scott Swift, Ass't Vice President - Claims, Axis Insurance to Paul Corcoran, Risk Manager at Welch Foods, Inc., Docket # 6-6 at 1.)

Axis then paid Welch $310,619.73 in defense costs. See Swift Aff. ¶¶ 7-8 (Docket # 97). On October 1, 2010, this court determined that the claims brought against Welch were not covered under any Axis policy, and therefore Axis had no duty to indemnify or defend. (Docket # 91).

## III.  Analysis

The question sub judice is whether an insurer is entitled to reimbursement of defense costs paid prior to a court's determination that the insurer had no duty to defend the insured.

It appears that no Massachusetts court has ruled on the precise question.[1] Several other jurisdictions have passed on the question, and the result is a division of authority. One view, held by California courts, is that an insurer reserving its right to reimbursement of defense payments is entitled to reimbursement when it is ultimately determined that the policy at issue never afforded any coverage.

In the leading case, Buss v. Superior Court, 16 Cal. 4th 35, 51, 939 P.2d 766, 769 (Cal. 1997), the California Supreme Court held that an insurer is entitled to

---

[1] In Millipore Corp. v. Travelers Indem. Co., 115 F.3d 21, 35-36 (1st Cir. 1997), the First Circuit affirmed the district court's decision that an insurer is not entitled to reimbursement of defense costs. That case is inapposite to the issue here, however, as the First Circuit concluded that the third party action alleged wrongs which were "reasonably interpreted as stating claims covered under the [governing] policies." Dash v. Chicago Ins. Co., Case No. 00-11911-DPW, 2004 WL 1932760, *10 (D. Mass. 2004) is similarly unhelpful since in that case, the court referenced Buss v. Superior Court, 16 Cal. 4th 35, 51, 939 P.2d 766, 769 (Cal. 1997), but did not address the same legal issue.

3

reimbursement of defense costs even where the insurer is deemed to have no duty to defend. Otherwise, the court reasoned, the insured would be unjustly enriched.

> [] under the law of restitution such a right [of reimbursement] runs against the person who benefits from "unjust enrichment" and in favor of the person who suffers loss thereby. <u>The "enrichment" of the insured by the insurer through the insurer's bearing of unbargained-for defense costs is inconsistent with the insurer's freedom under the policy and therefore must be deemed "unjust."</u> It is just like the case of *A* and *B*. *A* has a contractual duty to pay *B* $50. He has only a $100 bill. He may be held to have a prophylactic duty to tender the note. But he surely has a right, implied in law if not in fact, to get back $50. Even if the policy's language were unclear, the hypothetical insured could not have an objectively reasonable expectation that it was entitled to what would in fact be a windfall.

<u>Id.</u> at 51 (emphasis added).

The decision turns on the distinction between actually covered claims and potentially covered claims. An insurer is entitled to reimbursement with respect to those that are potentially covered, but is not so entitled with respect to claims that are not even potentially covered. The court reasoned that while an insurer's duty to <u>indemnify</u> runs to claims that are <u>actually</u> covered, an insurer's duty to <u>defend</u> runs to claims that are merely <u>potentially</u> covered. In an action in which all the claims are at least potentially covered, the insurer has a duty to defend and no right to reimbursement because it was paid premiums and bargained to bear those costs. Conversely, in an action in which none of the claims are even potentially covered, the insurer does not have a duty to defend because no such duty was contracted for, and is entitled to, reimbursement. <u>See</u> <u>also</u> <u>Scottsdale Ins. Co. v. MV Transp.</u>, 115 P.3d 460,

4

462-63 (Cal. 2005) (insurer was entitled to reimbursement of defense costs paid prior to court's determination that insurer had no duty, as a matter of law, to defend; holding that "[b]y ruling as a matter of law, that the third party action never presented any possibility of coverage ... the [court] established not that the duty to defend was thereupon prospectively 'extinguished,' but that it <u>never arose</u>." (emphasis in original); defense costs were advanced pursuant to a reservation of rights).

The contrary view was most recently delineated by the Pennsylvania Supreme Court in <u>American & Foreign Ins. Co. v. Jerry's Sport Center, Inc.</u>, 2 A.3d 526, 541 (2010), which held that the insurer has an absolute duty to defend claims that are potentially covered, and this duty is not extinguished by a court's later determination that the claims are not covered. Thus, the insurer is not entitled to reimbursement for advanced defense costs. There, as here, a liability insurer sought reimbursement of defense costs incurred before the trial court had ruled there was no coverage under the policy. The Pennsylvania Supreme Court reasoned that "it is the potential, rather than the certainty, of a claim falling within the insurance policy that triggers the insurer's duty to defend." <u>Id.</u> at 541. Moreover, the duty to determine whether a complaint is potentially covered is to be answered by the insurer upon receiving notice of the complaint from the insured, even though an erroneous decision to deny coverage may subject the insurer to liability for breach of contract. <u>Id.</u> at 541, 543.

Here, as in the <u>Buss</u> and <u>Jerry's Sport</u> cases, the policy at issue is notably silent on the question of reimbursement. It provides only that Axis has a duty to defend claims that arise under the policy. <u>See</u> 2008 Axis Policy, Section V. C.1 (Docket # 6-4)

5

(providing that the insurer has a duty to defend any claim "under this Policy"). I start with the principles that the duty to defend is broader than the duty to indemnify, and that it is triggered by the potential of liability, not an adjudication that the claims are covered. See Essex Ins. Co. v. BloomSouth Flooring Corp., 562 F.3d 399, 403 (1st Cir. 2009).

It is well-established law that when the allegations, if proven, are "reasonably susceptible" to an interpretation that states a claim, the insurer has a duty to defend that is not extinguished by a court or jury's determination that the facts did not bear out a proper claim. See Mt. Airy Ins. Co. v. Greenbaum, 127 F.3d 15, 19 (1st Cir.1997) (noting that the duty to defend may be triggered even if the allegations of the underlying complaint are baseless). However, as the Pennsylvania court in Jerry's Sport pointed out, while the question whether a claim is covered may be difficult, it is the insurer's duty to make the decision. See Jerry's Sport, 2 A.3d at 542. Indeed, "[i]nsurers are in the business of making this decision." Id. I am persuaded that Jerry's Sport achieves an appropriate allocation of responsibilities and, therefore, that the insurer bears the responsibility for making this determination, and the concomitant risk if its decision to advance fees is wrong.[2]

---

[2]Axis makes the additional argument that its March 5, 2009, reservation of rights letter purported to create a right of reimbursement. Axis' attempt to transform Welch's tender of a defense as a counter promise or acceptance of an offer to advance costs is unavailing, since by tendering a defense Welch could arguably be said to have been complying with its obligations under the original agreement, the insurance policy, not the new terms set forth in the reservation of rights letter. I do not agree that this unilateral letter — neither approved nor acknowledged by Welch — created any contractual obligations or any additional rights. Accordingly, it cannot be said to have created a right to reimbursement.

**IV. Conclusion**

Defendant Axis's Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e) (Docket # 95) is DENIED.

|  |  |
|---|---|
| February 9, 2011 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |